**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **ERIK SALAIZ,** | § | |
| | § | |
| ***Plaintiff,*** | § | |
| | § | |
| **v.** | § | **No. 3:25-CV-00307-LS** |
| | § | |
| **NATIONAL ARCHIVES AND RECORDS ADMINISTRATION,** | § | |
| | § | |
| | § | |
| ***Defendant.*** | § | |

**ORDER DISMISSING PLAINTIFF'S SECOND CAUSE OF ACTION FOR WANT OF STANDING AND DENYING AS MOOT DEFENDANT'S RULE 12(b)(1) AND 12(b)(6) MOTIONS TO PARTIALLY DISMISS**

Plaintiff Erik Salaiz sues Defendant National Archives and Records Administration ("NARA") based on a Freedom of Information Act ("FOIA") request for two copies of the Zapruder film depicting the assassination of President John F. Kennedy. In his second claim he seeks an order compelling NARA to publish the films under FOIA's electronic reading room provision, which requires agencies to "make available for public inspection in an electronic format . . . copies of all records . . . that have been requested 3 or more times."[1] The Court dismisses Plaintiff's second claim for want of standing and denies as moot NARA's motion to dismiss it under Rules 12(b)(1) and 12(b)(6).

## I. STANDING.

NARA has not challenged Plaintiff's standing, but federal courts "have an independent obligation to assure that standing exists."[2] To establish standing, plaintiffs must prove they "have

---

[1] 5 U.S.C. § 552(a)(2)(D)(ii)(II).

[2] *Perez v. McCreary, Veselka, Bragg & Allen, P.C.*, 45 F.4th 816, 820 (5th Cir. 2022) (quoting *Summers v. Earth Island Inst.*, 555 U.S. 488, 499 (2009)).

'(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision.'"[3] An "injury in fact" must be "'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'"[4] "For an injury to be 'particularized,' it 'must affect the plaintiff in a personal and individual way.'"[5] A plaintiff does not "automatically satisf[y] the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right."[6] "[R]egardless of whether a statutory right is procedural or substantive . . . Article III standing requires a concrete injury *even in the context of a statutory violation*."[7]

Plaintiff fails to sufficiently allege a concrete and particularized injury resulting from NARA's failure to publish the Zapruder films in its online reading room. "[E]ven in public disclosure-based cases, plaintiffs must and can assert 'downstream consequences'" from their inability to access the subject records.[8] In *Campaign Legal Center v. Scott,*[9] the plaintiffs sued under the public disclosure provision of the National Voter Registration Act, which mirrors FOIA's electronic reading room provision.[10] They asserted (1) "[a] downstream injury with respect to the public not having visibility into how Texas is keeping its voter lists" and (2) "[a] downstream

[3] *Laufer v. Mann Hosp., L.L.C.*, 996 F.3d 269, 272 (5th Cir. 2021) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016)).
[4] *Spokeo, Inc.*, 578 U.S. at 339 (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)).
[5] *Id.*
[6] *Id.* at 341.
[7] *Campaign Legal Ctr. v. Scott*, 49 F.4th 931 (5th Cir. 2022) (emphasis in original) (quoting *Perez*, 45 F.4th at 823).
[8] *Campaign Legal Ctr.*, 49 F.4th at 938.
[9] *Id.*
[10] *See* 52 U.S.C. § 20507(i)(1) ("Each State shall maintain for at least 2 years and shall make available for public inspection and, where available, photocopying at a reasonable cost, all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters, except to the extent that such records relate to a declination to register to vote or to the identity of a voter registration agency through which any particular voter is registered."); *see also Campaign Legal Ctr.*, 49 F.4th at 939–41 (Ho, J., concurring) (analogizing the National Voter Registration Act's public disclosure provision to FOIA).

injury with respect to the public not having visibility into . . . properly registered Texans being discriminated against."[11] The Fifth Circuit rejected both theories because they "encompass no more than alleged injuries to *the public* and *affected Texas voters* writ large."[12] "[A]bsent concrete and particularized harm to these Plaintiffs from not obtaining the requested personal voter information, they assert no cognizable injury in fact."[13]

Plaintiff seeks an order to compel NARA "to post the records on its website for the benefit of the general public."[14] "Vindicating the *public* interest (including the public interest in Government observance of the Constitution and laws) is the function of Congress and the Chief Executive."[15] Plaintiff cannot reframe an injury to the public as an injury particularized to him, especially when he has access to the requested records individually.[16] And even if there were a particularized injury to Plaintiff, he still "must establish a tangible injury that flows from the denial of the information—separate and apart from the denial of the information itself."[17] Plaintiff alleges no such tangible injury. With no particularized injury nor any articulable downstream consequences, Plaintiff lacks standing to compel NARA to publish the Zapruder films in its electronic reading room under 5 U.S.C. § 552(a)(2)(D).

[11] *Campaign Legal Ctr.*, 49 F.4th at 936.
[12] *Id.* (emphasis in original); *see also Childs. Health Def. v. Food & Drug Admin.,* 650 F. Supp. 3d 547, 557 (W.D. Tex. Jan. 12, 2023) ("The procedural harm allegedly suffered by [the plaintiff] is not concrete and particularized to [the plaintiff]—it is the same procedural harm suffered by the public at large. Thus, [the plaintiff's] alleged procedural harms do not give rise to standing under Article III.").
[13] *Campaign Legal Ctr.*, 49 F.4th at 938 (footnote omitted).
[14] ECF No. 1 at 2.
[15] *Lujan*, 504 U.S. at 576 (emphasis in original).
[16] *See* ECF No. 9 at 2 ("[T]here is no dispute that the requested materials may be viewed at Defendant's facility . . . .").
[17] *See Campaign Legal Ctr.*, 49 F.4th at 940 (Ho, J., concurring).

## II. CONCLUSION.

The Court **DISMISSES** the claim Plaintiff asserts under 5 U.S.C. § 552(a)(2)(D) for want of standing. Defendant National Archives and Records Administration's motions to dismiss under Rules 12(b)(1) and 12(b)(6) [ECF No. 9] are **DENIED AS MOOT**. The case proceeds henceforth only on Plaintiff's first cause of action.

**SO ORDERED**.

**SIGNED** and **ENTERED** on August 18, 2026.

**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**